**Driss SABRANE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74310.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Filed July 27, 2009.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

R.App. P. 34(a)(2).

OIL, Norah Ascoli Schwarz, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for·Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Driss Sabrane, a native and citizen of Morocco, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We grant in part and dismiss in part the petition for review, and remand for further proceedings.

█ The BIA determined that Sabrane's failure to resubmit his fingerprints was a sufficient reason to deem abandoned Sabrane's waiver application under 8 U.S.C. § 1186a(c)(4). The BIA, however, did not have the benefit of our intervening decision in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir.2008), which held that the denial of a continuance for fingerprint processing, where the instruction to resubmit ·fingerprints was given before April 2005, is an abuse of discretion. We therefore remand for the BIA to reconsider its dismissal of Sabrane's appeal. *See id.* at 1292–95; *see also Karapetyan v. Mukasey*, 543 F.3d 1118, 1129–32 (9th Cir.2008).

█ We lack jurisdiction to consider Sabrane's ineffective assistance of counsel claim because he failed to raise it before the BIA. *See Puga v. Chertoff,* 488 F.3d

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

812, 815–16 (9th Cir.2007) (petitioner must first raise ineffective assistance of counsel claim in a motion to reopen before the BIA); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

In light of our disposition, we do not reach Sabrane's remaining contentions.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.** Each party shall bear its own costs for the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.